UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA SARAHI DEL CASTILLO MARCIAL,<br><br>　　Plaintiff,<br><br>v.<br><br>MOHIT RAMCHANDANI,<br><br>　　Defendant. | Case No. 2:24-cv-03620-SB-SK<br><br>ORDER DENYING DEFENDANT'S MOTION TO REQUIRE PLAINTIFF TO POST AN UNDERTAKING [DKT. NO. 35] AND ISSUING AN ORDER TO SHOW CAUSE UNDER RULE 11 |

　　Plaintiff Patricia Sarahi Del Castillo Marcial filed this action against her former fiancée, Defendant Mohit Ramchandani, for domestic violence, assault, battery, and intentional infliction of emotional distress (IIED), claiming that Defendant struck her while she was pregnant in May 2022 and engaged in other acts of emotional and physical abuse.  Dkt. No. 1.  In response, Defendant has filed counterclaims against Plaintiff for domestic violence, conversion, IIED, and other claims arising out of their relationship.  Dkt. No. 33.  Defendant now moves for an order requiring Plaintiff to post a $250,000 bond to secure his costs and attorney's fees should he prevail against Plaintiff's claims in this action.  Dkt. No. 35.  The Court held a hearing on the motion on October 25, 2024.  This questionable motion is denied, and Defendant is ordered to show cause why he and his counsel should not be sanctioned for violating Fed. R. Civ. P. 11.

1

I.

A.

A federal court's authority to require a party to post security is "not specifically authorized by statute or court rule" but is based on its inherent power. *Id.* at 12; *see Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994) (stating federal courts have inherent power to require plaintiffs to post security for costs). When assessing whether to exercise its inherent power, a federal court looks to the forum state's practice on security for costs. *Simulnet*, 37 F.3d at 574.

Defendant brings his motion under California Code of Civil Procedure § 1030, which provides that a court may order an out-of-state plaintiff to post security for costs and attorney's fees if there is a reasonable possibility the defendant will prevail in defending against the plaintiff's claims. *See* Cal. Civ. Proc. Code § 1030 ("The motion shall be made on the grounds that the plaintiff resides out of state . . . and that there is a reasonable possibility that the moving defendant will obtain judgment."). The statute is not intended to impose a bond requirement whenever a nonresident plaintiff sues a resident defendant; rather, it is a modest tool intended to be used sparingly when a nonresident is abusing the court system to harass a resident by filing a "frivolous" lawsuit. *See Yao v. Superior Ct.*, 104 Cal. App. 4th 327, 331 (2002) ("The statute therefore acts to prevent out-of-state residents from filing frivolous lawsuits against California residents."); *see also Alshafie v. Lallande*, 171 Cal. App. 4th 421, 428 (2009) (same).[1]

In determining whether to impose a bond, courts in this circuit also consider the factors articulated in *Simulnet*: "(i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective." *Simulnet*, 37 F.3d at 576.

---

[1] Defendant also argues that Local Rule 83-8.2—a plainly inapplicable rule requiring vexatious litigants to post security—provides a basis for the Court to grant his motion. *See* Local Rule 83-8.2. Plaintiff has not been declared a vexatious litigant.

In balancing these factors, "care must be taken not to deprive a plaintiff of access to the federal courts." *Id.* at 575–76.

B.

The motion is plainly meritless. Defendant improperly relies on § 1030 to seek security for his counterclaims and fails to come to grips with substantial evidence supporting the claims against him.

Section 1030 of the California Code of Civil Procedure "protects California residents by requiring the out-of-state plaintiff to post security to ensure payment of costs and attorney fees . . . in the likely event the *plaintiff's action is defeated*." *Yao*, 104 Cal. App. at 333–34 (emphasis added). Despite this limitation, Defendant seeks security not only for anticipated fees and costs in *defending* against Plaintiff's claims, but also for those incurred in prosecuting *his own counterclaims*. *See id.* His $250,000 bond request includes an estimated $40,000 in costs for clinical examination of his own emotional distress and $45,000 for expert assessment of his own economic damages. Dkt. No. 35 at 31–32. He also includes estimated attorney's fees under California Civil Code § 1708.6(c), arguing that he can recover such fees as a "prevailing counterclaimant." Dkt. No. 43 at 14*; id.* at 32.[2] In other words, Defendant is improperly relying on § 1030 to force Plaintiff to post a bond to cover fees and costs that he expects to incur in pursuing his own affirmative claims. *See Yao*, 104 Cal. App. 4th at 332-33 ("declin[ing] plaintiff's invitation to rewrite section 1030 to provide that 'plaintiff' includes cross-complainant").[3]

Nor has Defendant shown that Plaintiff has no reasonable possibility of prevailing on her claims, as required under § 1030. *Id.* at 333 ("The purpose of section 1030 is to protect California residents . . . when there is no reasonable possibility the out-of-state plaintiff will prevail."). Plaintiff's complaint includes

---

[2] In his reply, Defendant argues for the first time that he is also entitled to attorney's fees under Federal Rule of Civil Procedure 54(d). This argument is procedurally improper. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (noting that a "district court need not consider arguments raised for the first time in a reply brief"). It is also without substance: Rule 54(d) is a procedural rule that allows a party to bring a fee petition that is otherwise authorized by law. Fed. R. Civ. P. 54(d).

[3] At the hearing, defense counsel conceded that the motion seeks a bond for costs and fees associated with Defendant's counterclaims.

serious allegations of domestic violence, and she has provided evidence which suggests that her claims are far from "frivolous." *Id.* at 331. Defendant was convicted of domestic battery arising out of the May 2022 incident at issue in this case after pleading no contest—a conviction that necessarily included a judicial finding that there was a factual basis for the plea. Dkt. No. 1 ¶ 51; *see People v. French*, 43 Cal. 4th 36, 50 (2008) (noting that "the trial court is required to determine that a factual basis for the plea exists"). In further support of her domestic violence claims, Plaintiff has presented a copy of a domestic violence criminal protective order against Defendant (Dkt. No. 38-7) and audio and video recordings of the May 2022 incident (Dkt. Nos. 38-2, 38-10).[4] This evidence demonstrates that Plaintiff's claims are anything but insubstantial or frivolous.

Moreover, the *Simulnet* factors—the probability of success on the merits, the background and purpose of Plaintiff's suit, the reasonableness of the security to be posted, and whether imposition of a bond would limit Plaintiff's access to the courts—weigh against granting Defendant's motion. *Simulnet*, 37 F.3d at 576. Plaintiff has brought potentially meritorious claims arising out of domestic violence, and Defendant's requested security unreasonably exceeds the scope of § 1030. Given the seriousness of Plaintiff's claims, the Court declines to impose any bond that would effectively deny her the opportunity to bring this action. *See Simulnet*, 37 F.3d at 576 ("Our statutes and case law make it evident that we studiously avoid limitation of access to the courts because of a party's impecunious circumstance."); Dkt. No. 38-1 ¶ 15 (stating Plaintiff received last paycheck in February 2022 and last received any form of income in May 2023). Accordingly, Defendant's motion is denied.

II.

Defendant is ordered to show cause why he and his counsel should not be sanctioned under Rule 11 for filing this motion. Fed. R. Civ. P. 11(c)(3). Section 1030 is designed to shield California residents from litigation abuse by nonresidents. The statute is not intended to be used by residents as a sword to engage in the type of conduct it was designed to curb (i.e., harassment).

---

[4] Defendant has objected to the admissibility of Plaintiff's proffered evidence. Dkt. No. 42. The objection is overruled. The proffered evidence is being considered for the limited purpose of deciding whether the claims brought are frivolous and would warrant the imposition of a bond requirement to pursue them.

The Court is concerned that the motion was not "warranted by existing law" and was filed "for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1)–(2). Defendant has sought a bond in a civil case in which he is being sued for claims arising out of a criminal case where he was convicted after entering a plea that necessarily had a factual basis. Moreover, he has sought a large bond based on a frivolous request to address costs and fees that exceed the scope of § 1030. Taken together, these pursuits appear to be motivated by a desire to harass Plaintiff by increasing the costs of pursuing potentially meritorious domestic violence claims.

After the hearing on the motion, Plaintiff submitted a declaration alleging that Defendant submitted a fabricated "witness statement" from a former State Department official in support of his motion, which appears on State Department letterhead. Dkt. No. 48. Plaintiff states that on October 22, 2024, she was contacted by an attorney who has worked with Defendant in the past, who relayed that Defendant had fabricated the letter because "he was very angry" and that "there was more to come." *Id.* ¶ 3. Plaintiff also asserts that she sent the letter to the State Department and that a government representative informed her that use of the State Department's letterhead for such purposes would violate its policies. *Id.* ¶ 4. Plaintiff's declaration heightens the Court's concern about Defendant's Rule 11 basis for bringing this motion.

Defendant is ordered to respond to this order to show cause (OSC), in writing, by November 1, 2024. The Court specifically orders that Defendant address in a signed declaration the genuineness of the purported letter from the former State Department official in his response to the OSC. By 8 a.m. on November 8, 2024, Plaintiff shall file a response to Defendant's submission, limited to five pages, as well as a declaration setting forth the costs and fees incurred in litigating this motion and the OSC. Defendant shall file a reply, limited to five pages, by November 12, 2024.

Date: October 28, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge